UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 15-60288-fra13 |
| CARL JAMES CHRISTIANSON and SHELLEY RAE CHRISTIANSON, | |
| Debtor(s). | MEMORANDUM OPINION |

Debtors filed a bankruptcy petition and Chapter 13 Plan of Reorganization on January 31, 2015. The Trustee objected to two aspects of the Plan, involving retention of tax refunds and the allowable amount of a vehicle expense for purposes of computing projected disposable income. The issues were well argued in submissions by the Trustee and by Debtors' attorney prior to the confirmation hearing held on July 28, at the conclusion of which the matter was taken under advisement. Having read the submissions of the parties and reviewed the record of the case, I am prepared to rule.

DISCUSSION

A. Tax Refunds:

The proposed Chapter 13 Plan provides at ¶ 10 that Debtors' tax refunds attributable to 2014 were scheduled as a prepetition asset and would not be turned over to the Trustee for distribution through the Plan. The net amount of such refunds is $876.46. The Trustee's objection is that the Debtors' 60-month plan term will expire in January 2020, and the Debtors will not receive their 2019 tax refunds until after the Plan is

// // //

MEMORANDUM OPINION - 1

complete. If the Debtors are not required to turn over their 2014 tax refunds to the Trustee, they would only be devoting four years of tax refunds to the five-year Plan.

A tax refund is created when more tax is withheld from an employee's pay than he owes in tax at the end of the year. In essence, the taxing authorities retain some of the taxpayer's money as it is earned, and return it to the taxpayer when a tax return is filed. Because the Debtors filed their bankruptcy petition in January 2015, the entire tax refund attributable to 2014 is a return of a pre-petition asset, received post-petition. If the Debtors do not wish to devote this tax refund to the Plan, then the tax refund to be received in 2020, attributable to the final year of the plan term in 2019, must be turned over to the Trustee for distribution to creditors.

Accordingly, the Debtors must file their 2019 tax returns promptly once all necessary financial information has been received[1], and signed copies of the returns must be provided to the Trustee. If the returns show no net refund[2], the Trustee may then file his Final Report, if all other required conditions have been met. If a net refund is due, the Trustee will not file his Final Report, and the Debtors' discharge of debts will not be entered, until the refunds have been turned over to the Trustee. If the refund if not paid to the Trustee within 14 days of its receipt, the case may be dismissed without entry of discharge.

B. Vehicle Ownership Expense: Form 22C-2, line 13:

Debtors own a 2008 Dodge Avenger which they propose to retain and pay for through the Plan. There is a loan outstanding to Santander Consumer USA in the amount of $3,061.54[3] as of the petition date, payable at 16.24% interest and secured by the vehicle. Santander asserts that the value of its collateral is $8,250, making Santander's loan fully secured. From the monthly plan payment of $350, Debtors propose to pay the secured claim in full at $100 per month until Debtors' attorney fees are paid, then $315 per month

---

[1] And, in any event, no later than April 1, 2020.

[2] The Debtors may not adjust their tax withholding to eliminate or reduce an expected refund without first informing the Trustee of their intent to do so, and obtaining his consent.

[3] Proof of Claim #3.

MEMORANDUM OPINION - 2

thereafter. Nonpriority unsecured creditors will receive approximately 25% of their claims over the life of the Plan.

As above median income debtors, Debtors were required to complete Form 22C-2 (the "means test") to calculate their monthly disposable income.[4] In calculating monthly disposable income of $162.31, the Debtors, pursuant to the requirements of the Form, subtracted from income a Vehicle Ownership Expense of $517, derived from the National and Local Standards. The Trustee argues that the Debtors should have used the actual amount of the car payment to Santander of $54.38, despite the fact that a bankruptcy opinion from this district, *In re Cummings*, 2007 WL 6362250 (Bankr. D.Or. 2007), holds that the amount from the National or Local Standards should be used.[5] The Trustee counters that *Cummings* has been superceded by two opinions from the Supreme Court which together, he argues, abrogate the holding in *Cummings*: (1) *Hamilton v. Lanning*, 560 U.S. 505 (2010), and (2) *Ransom v. FIA Card Svcs, N.A.*, 562 U.S. 61 (2011).

*Hamilton v. Lanning* held that "when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." *Hamilton v. Lanning* at 524. The Trustee argues that it is known at the time of confirmation that the actual car payment is less than $517 and the court should therefore take that into account in calculating the amount of projected disposable income. To do this, however, would be counter to a plain reading of the text of Code § 707(b)(2)(A)(ii)(I): "The debtor's monthly expenses *shall be* the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards." (emphasis added). One begins by calculating *disposable income* pursuant to the requirements of the

---

[4] 11 U.S.C. § 1325(b)(3) provides that for debtors who are above median income, expenses used for calculating "disposable income" shall be "determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)." Subpart (A) of § 707(b)(2) provides, in part: "(ii)(I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards . . . ."

[5] *Cummings* at 6 ("where an expense provided for under the National or Local Standards is 'applicable' to a debtor, that is, the debtor has an expense of that nature, the debtor is entitled to deduct the full amount of the National and Local Standards for purposes of determining disposable income, regardless of the amount of the debtor's actual expense for that item.")

MEMORANDUM OPINION - 3

Bankruptcy Code. *Hamilton v. Lanning* at 519 (citing the Tenth Circuit in the underlying case on appeal]. It is only then, in computing *projected* disposable income, that changes in income or expense may be taken into account. *Id.* at 519-20. If the Trustee's interpretation were adopted, it would in effect be adding to the end of § 707(b)(2)(A)(ii)(I) the words: "or the actual expenses, if lower."[6] Congress could have added that provision if that was its intent, but did not do so. The holding in *Hamilton v. Lanning* must therefore be limited to *changes* in the debtor's income or expenses occurring *after* the period for calculating disposable income that are known or virtually certain at the time of confirmation.

The Supreme Court in *Ransom* involved a debtor who owned a car, but did not have any car payments. The issue was whether he could nonetheless claim the Vehicle Ownership Expense of $471. The Supreme Court held that he could not:

> The key word in this provision [§ 707(b)(2)(A)(ii)(I)] is "applicable": A debtor may claim not all but only "applicable" expense amounts listed in the Standards. Whether [the debtor] may claim the $471 car-ownership deduction accordingly turns on whether that expense amount is "applicable" to him. . . . A debtor may claim a deduction from a National or Local Standard table . . . only if the debtor will incur that kind of expense during the life of the plan.

*Ransom* at 69-70. *Ransom* merely holds that if a debtor is going to claim an expense from the National or Local Standards in calculating disposable income, the debtor must actually incur that type of expense during the life of the plan.

Neither *Hamilton v. Lanning* nor *Ransom* require the court to find that the holding in *Cummings* is no longer good law. I find that the *Cummings* opinion was correctly decided based on a plain reading of the relevant provisions of the Bankruptcy Code.

C. Post-Confirmation Changes:

As discussed above, the Supreme Court in *Hamilton v. Lanning,* 560 U.S. 505, held that the bankruptcy court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation in calculating the amount of projected disposable income. According to

---

[6] The Trustee argues that the IRS Guidelines require that this approach be taken. However, *Ranson* made clear that the guidelines would have no effect if they were at odds with the statute's language. *Ranson* at 72.

MEMORANDUM OPINION - 4

the court's calculations, the secured creditor Santander will be paid in full through the Plan in less than two years.  After that, the Debtors will no longer have a vehicle expense and, under *Ransom v. FIA Card Svcs, N.A.*, 562 U.S. 61, would no longer have any basis for claiming the $517 deduction.  Accordingly, the Plan payment must be computed to account for the fact that the vehicle ownership expense will end prior to the end of the Plan term.

## CONCLUSION

An order will be entered by the Court denying confirmation and allowing time for Debtors to file an amended chapter 13 plan.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION - 5